IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SANTOS LOA | § | |
| | § | |
| V. | § | A-15-CV-1010-RP |
| | § | |
| WILLIAM STEPHENS | § | |

### ORDER

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus is time-barred and should be dismissed.

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas. Petitioner was convicted of aggravated sexual assault and was sentenced to life in prison on December 10, 1986. Petitioner was represented by retained counsel at trial. Petitioner gave an oral notice of appeal after sentencing but did not retain counsel for his appeal or seek the appointment of counsel. Therefore, his appeal was not perfected. On or about July 11, 1988, Petitioner filed a state application for habeas corpus relief raising this issue. Ex parte Loa, Appl. No. 19,702-01. On March 15, 1989, the Texas Court of Criminal Appeals granted Petitioner an out-of-time appeal. The Third Court of Appeals affirmed Petitioner's conviction on May 9, 1990. Loa v. State, No. 03-89-00074-CR (Tex. App. – Austin 1990, no pet.). See Exhibit A. Petitioner filed a second notice of appeal on August 6, 2009. The Third Court of Appeals dismissed the appeal for want of jurisdiction on October 1, 2009. Loa v. State, No. 03-09-00499-CR (Tex. App. – Austin 2009, no pet).

Petitioner filed a second state application for habeas corpus relief on May 26, 2009. In his application, Petitioner challenged the denial of his release to mandatory supervision. The Texas Court of Criminal Appeals denied the application without written order on August 26, 2009. Id. at -02.

Petitioner filed a third state application for habeas corpus relief on April 29, 2015. Petitioner asserted he received ineffective assistance of counsel, because counsel never perfected his verbal notice of appeal. He requested permission to file an out-of-time appeal. The Texas Court of Criminal Appeals denied the application without written order on October 14, 2015. Id. at -03.

In his federal application for habeas corpus relief, Petitioner requests permission to file an out-of-time appeal in state court. Petitioner's federal application is time-barred and is dismissed.

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Case 1:15-cv-01010-RP   Document 4   Filed 11/09/15   Page 3 of 4

Petitioner's conviction became final, at the latest, on June 8, 1990, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. <u>Gonzalez v. Thaler</u>, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Because this date is prior to the enactment of the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner had a one-year grace period until April 24, 1997, to timely file a federal application for habeas corpus relief.

Petitioner executed his federal application on October 30, 2015, eighteen years after the expiration of the one-year grace period. Petitioner's first state application was denied prior to the enactment of the AEDPA and has no effect on the limitations period. Petitioner's second and third applications also do not operate to toll the limitations period, because they were filed long after the expiration of the one-year grace period. See <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the one-year grace period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

It is therefore **ORDERED** that Petitioner's application for writ of habeas corpus is dismissed with prejudice as time-barred.

3

It is further **ORDERED** that a certificate of appealability is denied.

**SIGNED** on November 9, 2015.

                                        ROBERT L. PITMAN
                                        UNITED STATES DISTRICT JUDGE